Mr. Justice Store
delivered the opinion of the Court.
The District Judge of the southern district of New-York, under the 10th section of the patent act, of the 21st of February, 1793, chapter 11., granted a rule upon Charles Wood and .Gilbert *604 Brundage., at the instance and complaint of Jethro Wood, to show cause why process should not issue against them, to repeal a patent granted to them for a certain invention, in due form of law ; ánd upon hearing, the parties, no. sufficient cause being, in his judgment, shown to the contrary, he, on the 2d day of July, . 1823, passed an orders that the said rule .be, made absolute, and that the said patent be repealed ; and that process issue to repeal the said patent, and for the costs of the complainant. The patentees, by their counsel, moved the Court to direct a record to be made of the whole proceedings, and that process, in the nature of a scire facias, should be issued, to try the validity of the' patent. The Court denied the motion, upon the ground that these were summary proceedings;,and that the patent was repealed de fa-ta, by making the rule absolute; and that the process to be issued, was not in the nature of a scire facias, to try the validity of the patent, but merely process repealing the patent. .
A motion was made, on a former day of this term", in behalf of the patentees, for a rule upon the district Judge, to show cause why a mandamus should not issue from this Court, directing.him to make a record of the proceedings in the cause, and to issue a scire facias, -for the purpose. of trying the validity of thé patent.’ The rule having been granted, and due service had, the case has since been argued by counsel, for and against the rule; and the opinion of this Court is now to be deli-. yered. -
Two objections have been urgéd at the bar, *605 against the making this rule absolute. The first is, that these proceedings, being summary, are not properly matters of record. The second, that this is not a case, in which, by law, a scire facias, or process in .the nature of a scire facias, can be. awarded, to try the validity of the patent.
Both of these objections are founded upon the provisions of the 10th section of the patent act, and must be decided by a careful examination of those provisions. The words are, “ that, upon oath or affirmation being made, before the Judge of the. District Court, where the patentee, his executors, &.c. reside, that any patent, which shall be issued in pursuance of this act, was obtained surreptitiously, or upon false, suggestion,, and motion made to the said Court within three years after issuing, the said patent, but not afterwards, it shall and may be lawful for the Judge of the said District Court, if the matter alleged shall appear to him to be sufficient, to grant a rule that the patentee, or his executor, &c. show chuse why process should not issue against him,. to repeal such patent ; and if sufficient cause shall not be shown to the contrary, the rule shall be made absolute; and théreüpon, the Judge shall order procesatobeissued against such patentee, or his executors, 'See.,with costs of suit. . And in case no sufficienl^ause shall be shown, to ’ the. contrary; or if it. shall appear. that the patentee was not the true inventor or discoverer, judgment shall be rendered by such Court for the repéal of the said patent. And if the party at whose. complaint the process issued, shall., have judgment given against him, he shall pay all ■ *606 such costs as the defendant shall be put to in de~ fending the suit, to be taxed by the Court, and recovered in due course, of law.”
Upon the slightest inspection of this section, it will be at once perceived, that however summary the procéedings may be, they are of vast importance to the parties, and involve the whole right and interest of the patentee. The jurisdiction given to the Court, is not general and unlimited, but is confined to cases where the. patent, was obtained surreptitiously, or upon false suggestions; where the patentee resides within the district; and where the application is made within three years after the issuing of the patent. It is, therefore,, certainly necessary, that all these, facts, which are indispensable to found .the jurisdiction, should.be stated in the motion and accompanying affidavits; and without them,. the Court cañnot be justified in awarding the rule. It follows, of course, that in any record that is tobe made of the proceedings, they constitute the preliminary part, and ought not to be omitted, In the present case, they have been wholly omitted, and the. record is, in this re.spect, incomplete and. inaccurate.
But it is said that, technically speaking, these proceedings are not matters of record. They are certainly proceedings of a Court of.record, for such are all the Courtb of the United States, in virtue of their organisation, both upon principios of the common law, and the express intendment of Conr gress. In. general, the interlocutory proceedings In suits are not entered of record, as they are deemed merely collateral incidents. But where *607 a special jurisdiction is given to a Court, as in the present instance, it appears to us that, in conformity to the course of decisions in this Court, upon the subject of jurisdiction, all the preliminary proceedings required to found that jurisdiction should appear of.record, as they constitute an essential part of the case. In general, motions and rules made in the course of suits, over which the Court has an acknowledged jurisdiction, are not entered of record. But where a rule is the sole foundation of the suit, and the first step in its progress, that rule can only be granted under special circumstances prescribed by láw; it is not sufficient to show that the rule itself was granted, but it-must also appear, by the proceedings, that it was rightfully granted.
But the more material question is, whether the proceedings, so far as the rights of the patentees are concerned, terminated with the. rule being made absolute, so that, ipso facto, the patent was repealed, and the process to be issued was' only process to enforce or declare the repeal; or whether the process was in the nature of a sc„re facias at common law, to repeal the patent, if, upon a future, trial, the same should be found invalid.
-This question must be decided by the terras of the section in controversy; but in the interpretar tion of those terms, if their meaning is somewhat equivocal, that construction ought certainly to be adopted which, not departing from the sense, is most congenial to our institutions, and is most convenient in the administration of public justice. *608 The securing to inventors of an exclusive right to their inventions, was deemed óf so much importance, as a means, of promoting the progress oí science and the useful arts, that the constitution has expressly delegated to Congress the power to secure such rights to' them for a limited period. The inventor has, during this period, a property in his inventions ; a property which is often of very great value, and of which the law intended to give him the absolute enjoyment and possession. In suits at common law, where the value in con-. troversy exceeds 20 dollars, the constitution has secured to the citizens a trial by jury. In causes of equity and admiralty jurisdiction, they have the security of a regular and settled course of proceedings, where the rules of evidence and the principlés of decision are well established. And in all these cases, there is the farther benefit conferred by our laws, of revising the judgments of the inferior Courts, by the .exercise of appellate jurisdiction. . It is not lightly to be presumed, therefore, that Congress, in a class of cases placed peculiarly within its patronage and protection,. involving some of the dearest and most valuable rights which society acknowledges, and. the constitution itself means to favour, would institute a new and summary process* which should filially adjudge upon those rights, without a trial by jury, without a right of appeal, and .without any of those guards with, which, in equity suits, it has fenced round the general administration of justice. The patent acts, have given, to the patentee , a right to sue at common law, for damages for any violation Of his in *609 vention ; and have given him a farther right to claim the interference of a Court of equity, by way . . . , , of injunction, to protect the enjoyment of his patent. It would be somewhat surprising if, after suéh anxious legislation, there should exist in the act a clause which, in a summary manner, enables any person to repeal his patent, and thus sweep away his exclusive property, without interposing any guards by way of appeal, or any regular proceedings, by which the validity of titles, in ordinary cases, is examined and contested.
With these considerations in view, let the 10th section of the act,be examined. Its object is to proyidésome means to repeal patents which have, been obtained surreptitiously, or upon false suggestions ; the very cases for which a scire facias issues at the common law. As the patents are not enrolled in the records of any Court, but among the rolls of the Department of State, it was necessary to give some directions as to the correct time and manner of instituting proceedings to repeal them. It accordingly directs, that the District Judge may, upon proper evidence, under oath, and motion made to the Court, in his discretion, “ grant a rule that the patentee, &c. show, cause why process should not issue against him, to repeal such patent; and if sufficient cause shall not be shown to the contrary, the rule shall be made absolute, and thereupon the Judge shall order process to be issued against such patentee, &e. with costs of suit.” It is obvious, from the language of this clause, that the rule is a rule not to repeal the patent, if it is made absolute, but a *610 rule for process to issue to repeal the patent. It is not then the rule, but the process contemplated by the act, that repeals the patent. It is not a mere form* but it is of the essence of the proceedings, without which, the rule has no efficacy. Is the process to be .issued a process which, per se, repeals the patent, or are the words “ tp repeal such patent,” to be construed as merely descriptive of the nature of the process, and of the effect of it, if judgment shall be finally pronounced in support of it? In other words, is it a process in the nature of an execution, or a judicial, process, in the nature of a scire facias, calling for further proceedings? If the words of the section had stopped 'at the clause already referred to, it would, perhaps, have been difficult to find a sufficient explanation of the legislative will, to have led the Court to the conclusion, that judicial process, in the nature of a scire facias, was certainly. intended ; there would have been some reason for hesitation; but, even then, an interpretation against such process would not have been without serious embarrassments. It could not be arrived at, without leaving much of 'questionable reasoning behind. But the section does not stop here. It goes on to make farther provisions, which, if the process absolutely repealed the.patent, could have no operation, and no intelligible meaning. On the other haiid', if the process was to be in the nature of a scire facias, all the words are sensible and operative, and. describe the proper progress and proceedings upon such a. writ. The clause is in these words: “And, in case no suffi *611 cient cause shall be shown to the contrary, or if it shall appear that the patentee was not the true' inventor or discoverer, judgment shall be rendered by such Court for the repeal of the patent.” These words follow after the clause awarding the process, and, of course, suppose the process already issued. The party is supposed to be called, upon to show cause, which, is precisely what ja scire facias requires in its official mandate;-and if no sufficient cause is shown to the contrary, or if it shall appear that the patentee was not the true inventor or discoverer, then the patent is to be repealed. If the process is merely to repeal the patent, and not to institute- a trial, how can the. party show cause ? how can it judicially appear that the patentee is not the inventor ? These provisions are intelligible in a scire'facias, for that authorizes subsequent inquiry into the law and the facts. But, farther, “ judgment” is. to . be rendered. Now, it is not necessary to lay any. particular stress on this word, as a known juridical phrase, expressive of the final decision of the Court;-but if the making the rule, absolute repealed the pateht, and the process is merely an execution, how could any subsequent judgment be rendered in the case ? It would be contrary to all analogy, to all rules, of judicial interpretation, to suppose that judgment is to succeed, and not to precede, the writ of execution. The clause goes on, “ and if the party, at whose complaint the process issued, shall have judgment against him, he shall pay all such costs as the. defendant shall be put to in defending the suit, to be taxed *612 by the Court, and recovered in due course of law.” The language is here still more distinct and per-, suasivé. It imports, in a clear manner, that some proceedings were to be had after the process issued, by which the case might be .farther investigated; and if upon such, investigation judgment should be against the complainant, the patentee should recover his costs. The language- is, that the party, at whose complaint the process issued, not the rule issued, shall have judgment against him. Upon what? the rule? Certainly not; but upon the process issued. He shall .pay. the costs to which the defendant is put in defending the suit. What suit is here intended ? We think it is clear that it means the suit upon the process, that is, upon the scire facias; for the proceedings Upon the rule are not, in a technical, or in any accurate sense, a suit. The costs of defending the suit are to be paid.. But how can any costs arise from a defence upon a process which is final and absolute? It appears to the Court, that to give the construction contended for by the counsel against the rule, would be to reject the plain and obvious purport of the whole of the last clauses of the section, and make them a perfect nullity. In the other view, they have entire effect, and are as reasonable and just, in themselves, as they are jaromotive of the security of vested rights and property.
Nor does the occurrence of the words “ costs of suit,” in the preceding part of the section, where it is said that “ the process shall be issued, &e. with costs of suit,” in the slightest degree impugn *613 this interpretation. The true meaning of these words in this connexion, is not that costs of suit, ■ ■ airead/incurred, shall be paid and collectéd, but that the process shall be, to show cause why .the patent shall not be. repealed, and costs of suit given to4he complainant In this view, it fortifies the construction already asserted by the Court. That this is the true exposition of the words, is made apparent by examining the 5th section of the patent act of 1790, ch. 34;, which is exactly similar in terms to the 10th section of the present act, except that it omits, in this place, the words “ costs of suit.” These words, therefore, were not intended to change, and cannot be admitted to change, the natural meaning of the other parts of the section. And if the other words used in this connexion are descriptive of the nature of the process, these words are' merely explanatory of the legislative, intent, that the costs of the suit should follow upon the final judgment in favour of the complainant. Without this provision, as the other clause giving costs applies tovthe patentee only, the complainant, although he should prevail in the suit, would hot be entitled to any costs. This was a real defect in the first act, and is cured by the insertion of the words under consideration.
Nor are there any public mischiefs which will result from the view which the Court takes of this section. On the contrary, it will subserve the purposes of general justice. If a patent has been fraudulently obtained, or upon false suggestions, it may be repealed within three years, if a jury, *614 upon a tria], shall be satisfied of the fact. If such a repeal be not had, still the public have a perfect security. They may violate the patent with impunity, and if sued for the violation, any person niáy show the same facts in his defence, and they will constitute a complete bar to the suit, by the express provisions of the 6th section of the patent act. Here, also, the trial will be ordinarily by a jury, and if the verdict is found, upon such facts, in favour of the defendant, the law expressly declares, that “ judgment shall be rendered for the defendant, with costs, and the patent shall be declared void.” Many patents, under this section, have already, in such suits, been adjudged void; so'that the danger of extensive imposition or in-, jury is wholly chimerical. On the other hand, if, by any accident or mistake, the patentee should neglect to appear to oppose the rule, upon the argument on the other side, he may be remediless. But, upon the exposition of the statute adopted by ithe Court, he will still be entitled to appear to the scire facias, and have^a more deliberate opportunity to defend his rights.
Upon the whole, it is the opinion of the Court, that the rule ought to be made absolute, and that a peremptory mandamus issue to the Judge of the District Court, directing him to enter upon record the proceedings in this cause, antecedent to the granting of the rule, and upon which it was founded: that he award a process, in the nature of a scire facias, to the patentees, to show cause why the patent should not be repealed, with costs of suit: that upon such process being returned, . *615 duly executed, he proceed to try the same cause, upon the pleadings filed by the parties, and the issue joined thereon; and that, if the issue so joined be an issue of fact, then the trial thereof to be by a jury; if an issue of law, then by the ' Court, as in other cases.
Mandamus accordingly.
Judgment. Upon the hearing of this cause upon the rule to show cause, heretofore awarded by this Court,, and on consideration of the arguments of counsel for and against making the same rule absolute, it is ordered and adjudged by the Courtj that the same rule be, and hereby is, made absolute. And it is further ordered by the Court, that a peremptory mandamus issue to the District Judge of the Southern District óf New-York, commanding him to enter upon record the proceedings in this cause, antecedent to the granting, by him of the rule to show cause why process should not issue, to repeal the patent in the proceedings mentioned* and upon which the said rule was founded: that the sáid Judge do award a process, in the nature of a scire facias, to the patentees, tó show cause why the said patent should, not be repealed, with costs of suit that upon the return of. such process, as duly served, the said Judge do proceed to try the cause upon the pleadings filed by the parties, and the issue joined thereon ; and that if . the issue be an issue of fact, the trial thereof be by a jury; if an issue of law «.hen by the Court, as in other cases.